# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| FRANKLIN SALCEDO,<br><br>      Plaintiff,<br><br>      v.<br><br>MICHAEL VITIELLO, York County Jail Superintendent; MARIE GERRY, York County Jail Medical Director; YVONNE PEABBLES, Nurse Practitioner at York County Jail; CORRECT CARE SOLUTIONS, LLC, medical provider at York County Jail; and YORK COUNTY, MAINE.<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)   Verified Complaint<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## VERIFIED COMPLAINT
## (INJUNCTIVE RELIEF REQUESTED)

Plaintiff Franklin Salcedo brings this civil action for injunctive and declaratory relief and damages, and complains as follows:

### INTRODUCTION

1. While awaiting trial at the York County Jail, Plaintiff developed a severe infection above his left back teeth. The infection initially caused pain, and Plaintiff sought medical attention. Plaintiff was given antibiotics and nonprescription pain medication, but the pain persisted. Eventually, Plaintiff was seen by a dentist, who recommended that Plaintiff be seen by either an oral surgeon or an ear/nose/throat specialist. But, the jail refused to provide that care. After an additional month—during which time, Plaintiff made seven additional requests for medical attention—

1

Plaintiff was again seen by a doctor, who again referred Plaintiff to an ear/nose/throat specialist for a CT scan. But again, the jail refused to provide that care. The infection has progressed to the point where the side of Plaintiff's face has become numb and discolored, and Plaintiff is in persistent severe pain. Left untreated, this infection could result in additional, even more severe pain, illness, or death. Defendants' action in denying necessary medical care to alleviate this pain and to prevent long-term negative consequences violated and continue to violate Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Plaintiff seeks declaratory and injunctive relief in order to ensure that he receives necessary medical care, monetary damages (special and compensatory) to remedy the harm he has already suffered, and an award of costs and attorneys' fees, as well as any such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

2.   This action seeks to vindicate rights guaranteed by the Fourteenth Amendment and is brought pursuant to 42 U.S.C. § 1983.

3.   The Court has jurisdiction of this civil rights action under 28 U.S.C. § 1331(a) and 28 U.S.C. §§ 1343(a)(3), (4).

4.   This Court also has jurisdiction pursuant to 28 U.S.C. §§ 2201, 2202 to declare the rights of the parties and to grant all further relief found necessary and proper.

5.   Venue is proper pursuant to 28 U.S.C. § 1391(b).

6. The amount in controversy exceeds $75,000.00 excluding interests and costs.

7. To the extent required by 42 U.S.C. § 1997e, Plaintiff has exhausted his administrative remedies.

## **PARTIES**

8. Plaintiff FRANKLIN SALCEDO is a pretrial detainee and resident at the York County Jail, 1 Layman Way, Alfred, Maine, 04002, at the time of the incident giving rise to this complaint.

9. Defendant MICHAEL VITIELLO is the Jail Superintendent of the York County Jail. As such, he is the legal custodian of all prisoners housed at York County Jail and is responsible for the safe, secure, and humane treatment of those prisoners, including medical care. Upon information and belief, he was and continues to be directly and personally involved in decisions concerning Plaintiff's medical care. At all relevant times, defendant VITIELLO was acting under color of state law. Defendant VITIELLO is sued in his individual and official capacities.

10. Defendant MARIE GERRY is the medical director at the York County Jail. As such, defendant GERRY is responsible for overseeing and approving necessary medical care to prisoners and detainees. Upon information and belief, she was also directly and personally involved in decisions concerning Plaintiff's medical care. At all relevant times, defendant GERRY has acted under color of state law. MARIE GERRY is sued in her individual and official capacities.

11. Defendant YVONNE PEABBLES is a nurse practitioner at York County Jail. As such, defendant PEABBLES provided and withheld medical care to

Plaintiff. Defendant PEABBLES was directly and personally involved in decisions concerning Plaintiff's medical care. At all relevant times, defendant PEABBLES has acted under color of state law. Defendant PEABBLES is sued in her individual and official capacities.

12. Defendant CORRECT CARE SOLUTIONS, LLC ("CCS") is a limited liability company based in Kansas, with offices in Augusta, Maine. CCS contracts with York County to provide medical care for prisoners and detainees at the York County Jail. At all relevant times, CCS was acting under color of state law.

13. Defendant YORK COUNTY is a political subdivision of the State of Maine. YORK COUNTY administers the York County Jail. At all relevant times, YORK COUNTY was acting under color of state law.

## STATEMENT OF FACTS

14. On or about September 6, 2016, Plaintiff was committed to the custody of York County Jail as a pretrial detainee. His bail was set at $50,000, which he was not able to pay.

15. On September 10, 2016, Plaintiff sought medical attention for pain above his left teeth and in his jaw and cheek.

16. On September 13, 2016, Plaintiff was examined by CMS staff at York County Jail.

17. Plaintiff's medical records for September 13, 2016 indicated that, at that time, his pain rating was 10 on a scale of 1-10. The pain was constant and sharp, in his neck, throat, and ear. The report indicates that a "pus pocket" was broken in

Plaintiff's gum, and that the infection was "still draining." The medical record notes visual evidence of decay.

18. On or about September 13, 2016, Plaintiff was prescribed a ten-day course of penicillin and a 14-day course of ibuprofen.

19. On September 14, 2016 and September 26, 2016, Plaintiff made additional requests for medical attention.

20. On October 3, 2016, Plaintiff again requested medical assistance, stating: "I am writing to the attention of medical health and dental because I was on antibiotics for 14 days. I'm still getting puss [sic] in my gums and I'm in a lot of pain. Puss [sic] leaks from my mouth when I blow my nose."

21. On October 3, 2016, Plaintiff was prescribed a 10-day course of augmentin and an additional 10-day course of ibuprofen.

22. On October 23 and October 24, 2016, Plaintiff made additional requests for medical attention.

23. On November 6, 2016, Plaintiff again wrote requesting medical attention, stating that he has been asking to see a dentist for two months and that he still has an infection, which continued to ooze, and that he is in a lot of pain.

24. On November 6, 2016, Plaintiff was given a prescription for an additional seven-day course of ibuprofen.

25. On November 14, 2016, Plaintiff again requested medical attention, stating that he was having a panic attack and that his body was not feeling right. He

complained that corrections officers were thwarting his attempts to obtain medical coverage.

26. On November 15, 2016, Plaintiff again requested health attention, stating: "I have already put in numerous slips due to the infection in mouth. My eye and my head on that side are really starting to have severe discomfort. I am having continuous headaches."

27. On or about November 15, 2016, Plaintiff was finally seen by a doctor.

28. Plaintiff made additional requests for health attention on November 18 and November 23, 2016.

29. On December 9, 2016, Plaintiff was seen by a dentist, Dr. Andra Boak, DMD. After reviewing Plaintiff's history and examining Plaintiff's mouth, the dentist diagnosed Plaintiff as having a sinus infection. The dentist recommended an additional course of antibiotics (azithromycin).

30. At the time, Dr. Boak and a York County Jail nurse practitioner, Yvonne Peabbles, NP, agreed that Plaintiff needed, and would receive, a referral to either an oral surgeon or an ear/nose/throat specialist (otolaryngologist).

31. Plaintiff was not seen by either an oral surgeon or an otolaryngologist.

32. Had Plaintiff been seen by an oral surgeon or an otolaryngologist, Plaintiff would have been given additional diagnostic care in the form of an x-ray of the mouth and jaw or else a CT scan of the face. Depending on what the imaging revealed, Plaintiff might then have been given an intravenously-administered antibiotic, surgery, or a combination of the two.

33. On December 23, 2016, Plaintiff again requested health attention, stating: "I am having excruciating pain from my teeth/gums on the left side. It is so bad that the entire left side of my face is in extreme pain. It's causing headaches and I obviously can't chew food to eat. I have been asking for help repeatedly and am being ignored. I need immediate care please!"

34. On January 2, 2017, Plaintiff again requested health care, stating: "I would like to be seen by the doctor because the absess [sic] in my mouth is getting worse. This needs to be addressed immediately because it is draining in my mouth and it's causing me extreme pain!"

35. On January 4, 2017, Plaintiff was examined by defendant Nurse Practitioner YVONNE PEABBLES, who recommended a referral to an ear/nose/throat specialist, so that Plaintiff could receive a CT scan to assess his left maxillary sinus for an infection.

36. On January 10, 2017, defendant Nurse Practitioner PEABBLES inexplicably changed her mind, stating "After assessing pt's [patient's] medical status, no need for CT scan or ENT referral."

37. The standard of care for an infection in either the gum or the sinuses that does not respond to oral antibiotics is either an x-ray or CT scan for diagnostic purposes followed by intravenous antibiotics and/or surgery to remove damaged tissue and drain pus from the wounds.

38. If left untreated, such infections can become chronic.

39. Plaintiff's infection may have become chronic, as evidenced by his lack of fever.

40. If left untreated, Plaintiff's infection could be fatal.

41. Plaintiff's symptoms were the same on January 10, 2017 (when defendant Nurse Practitioner PEABBLES refused to allow Plaintiff to see a doctor) as they were on December 9, 2016 and January 4, 2017 (when the Dr. Boak and defendant Nurse Practitioner PEABBLES recommended such a referral).

42. Plaintiff has been prescribed high doses of ibuprofen (a non-steroidal anti-inflammatory) to treat the severe and constant pain in face and mouth.

43. High doses of ibuprofen is a known risk of causing renal disease.

44. A high dose of ibuprofen will have no effect on any underlying infection.

45. Upon information and belief, Defendant PEABBLES denied Plaintiff necessary medical care for reasons unrelated to medical or penological concerns.

46. Upon information and belief, Defendant GERRY refused to approve necessary medical care for Plaintiff for reasons unrelated to medical or penological concerns.

47. Upon information and belief, Defendant VITIELLO refused to approve necessary medical care for Plaintiff for reasons unrelated to medical or penological concerns.

48. Upon information and belief, Defendant CCS refused to approve necessary medical care for Plaintiff for reasons unrelated to medical or penological concerns.

49. Upon information and belief, it is the policy and/or practice of CCS to deny pretrial detainees access to outside specialists, advanced diagnostic technology, and surgical treatment, even when its own employees and contractors recommend such care, refused to approve necessary medical care for reasons unrelated to medical or penological concerns.

50. Upon information and belief, it is the policy and/or practice of YORK COUNTY to deny pretrial detainees access to outside specialists, advanced diagnostic technology, and surgical treatment, even when its own employees and contractors recommend such care, refused to approve necessary medical care for Plaintiff for reasons unrelated to medical or penological concerns.

51. There is no medical justification for denying Plaintiff access to diagnostic imaging, intravenous antibiotics, or surgery necessary for treating his condition.

52. There is no penological justification for denying Plaintiff access to diagnostic imaging, intravenous antibiotics, or surgery necessary for treating his condition.

53. The situation presented in this Complaint is likely to persist or recur, and may result in permanent damage or even death, if left untreated, unless the Court enters grants preliminary injunctive relief. Plaintiff has no adequate remedy at law.

54. Plaintiffs has exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a) through the filing of multiple medical requests, grievance forms, and letters of appeal as required by the York County Jail Inmate Handbook.

## CAUSES OF ACTION

### COUNT 1
### (42 U.S.C. § 1983)

**(Fourteenth Amendment)**
**(As to MICHAEL VITIELLO, MARIE GERRY, and YVONNE PEABBLES)**

55. The above paragraphs are here incorporated by reference.

56. The abscess in Plaintiff's mouth is a serious medical condition, and is evidence of an infection in the bone or sinus that is a serious medical condition.

57. The abscess has caused Plaintiff severe physical pain, and it has interfered with his basic life activities (including eating and sleeping).

58. Left untreated the abscess could be life-threatening, or could result in long-term damage.

59. Defendant FOGLIO was deliberately indifferent to Plaintiff's serious medical condition when he did not approve Dr. Boak's referral of Plaintiff to an oral surgeon or an otolaryngologist for additional evaluation and care.

60. Defendant GERRY was deliberately indifferent to Plaintiff's serious medical condition when she did not approve Dr. Boak's referral of Plaintiff to an oral surgeon or an otolaryngologist for additional evaluation and care.

61. Defendant PEABBLES was deliberately indifferent to Plaintiff's serious medical condition when she rescinded her recommendation of a referral to an otolaryngologist for a CT scan.

62. The denial or delay in care increased the risk that Plaintiff will suffer from long-term injury or death from infection.

63. Defendants acted under color of law and conspired to deprive Plaintiff of his civil and constitutional rights guaranteed under the due process clause of Fourteenth Amendment to the United States Constitution.

64. Defendants' actions violate the Fourteenth Amendments' guarantee of substantive due process, entitling Plaintiffs to redress under 42 U.S.C. § 1983 in the form of both monetary damages and appropriate declaratory and injunctive relief.

## COUNT 2

### (42 U.S.C. § 1983)
### (Fourteenth Amendment)
### (As to MICHAEL VITIELLO, MARIE GERRY, and YVONNE PEABBLES)

65. The above paragraphs are here incorporated by reference.

66. The abscess in Plaintiff's mouth is a serious medical condition, and is evidence of an infection in the bone or sinus that is a serious medical condition.

67. The abscess caused Plaintiff severe physical pain, and it interfered with his basic life activities (including eating and sleeping).

68. Left untreated the abscess could be life-threatening, or could result in long-term damage.

69. Defendant FOGLIO's refusal to approve Dr. Boak's referral of Plaintiff to an oral surgeon or an otolaryngologist for additional evaluation and care was objectively unreasonable.

70. Defendant GERRY's refusal to approve Dr. Boak's referral of Plaintiff to an oral surgeon or an otolaryngologist for additional evaluation and care was objectively unreasonable.

71. Defendant PEABBLES's rescission of her recommendation of a referral to an otolaryngologist for a CT scan was objectively unreasonable.

72. The denial or delay in care increased the risk that Plaintiff will suffer from long-term injury or death from infection.

73. Defendants acted under color of law and conspired to deprive Plaintiff of his civil and constitutional rights guaranteed under the due process clause of Fourteenth Amendment to the United States Constitution.

74. As a pre-trial detainee, and not a prisoner, Plaintiff is entitled to protection against objectively unreasonable care concerning a serious medical condition.

75. Defendants' actions violate the Fourteenth Amendments' guarantee of substantive due process, entitling Plaintiffs to redress under 42 U.S.C. § 1983 in the form of both monetary damages and appropriate declaratory and injunctive relief.

**<u>COUNT 3</u>**
**<u>(42 U.S.C. § 1983)</u>**
**<u>(Fourteenth Amendment)</u>**
**<u>(As to CORRECT CARE SOLUTIONS, LLC)</u>**

76. The above paragraphs are here incorporated by reference.

77. The abscess in Plaintiff's mouth is a serious medical condition, and is evidence of an infection in the bone or sinus that is a serious medical condition.

78. The abscess caused Plaintiff severe physical pain, and it interfered with his basic life activities (including eating and sleeping).

79. Left untreated the abscess could be life-threatening, or could result in long-term damage.

80. Plaintiff was repeatedly referred to outside specialists for additional diagnostics and care.

81. Defendant CORRECT CARE SOLUTIONS, LLC ("CCS") is responsible for providing medical care to prisoners in York County Jail.

82. According to the CCS's contract with York County, all referrals for medical care must be approved by CCS.

83. Defendant CCS refused to approve the referral for Plaintiff to see an oral surgeon or an otolaryngologist.

84. Defendant CCS's refusal to approve the referral for Plaintiff to see an oral surgeon or an otolaryngologist was not based on any medical concern.

85. Defendant CCS's refusal to approve the referral for Plaintiff to see an oral surgeon or an otolaryngologist was not based on any penological concern.

86. Defendant CCS's, as a matter of policy and/or practice, refuses to approve referrals for pretrial detainees to medical or dental specialists.

87. Defendant CCS's policy of refusing to approve referrals for pretrial detainees to medical or dental specialists amounts to deliberate indifference to serious medical conditions.

88. The denial or delay in care increased the risk that Plaintiff will suffer from long-term injury or death from infection.

89. Defendant CCS acted under color of law and conspired to deprive Plaintiff of his civil and constitutional rights guaranteed under the due process clause of Fourteenth Amendment to the United States Constitution.

90. Defendant CCS's actions violate the Fourteenth Amendments' guarantee of substantive due process, entitling Plaintiffs to redress under 42 U.S.C. § 1983 in the form of both monetary damages and appropriate declaratory and injunctive relief.

**COUNT 4**
**(42 U.S.C. § 1983)**
**(Fourteenth Amendment)**
**(As to YORK COUNTY)**

91. The above paragraphs are here incorporated by reference.

92. The abscess in Plaintiff's mouth is a serious medical condition, and is evidence of an infection in the bone or sinus that is a serious medical condition.

93. The abscess caused Plaintiff severe physical pain, and it interfered with his basic life activities (including eating and sleeping).

94. Left untreated the abscess could be life-threatening, or could result in long-term damage.

95. Plaintiff was repeatedly referred to outside specialists for additional diagnostics and care.

96. Defendant YORK COUNTY is responsible for providing ready access to adequate medical care to prisoners at York County Jail.

97. Defendant YORK COUNTY's refusal to approve the referral for Plaintiff to see an oral surgeon or an otolaryngologist was not based on any medical concern.

98. Defendant YORK COUNTY's refusal to approve the referral for Plaintiff to see an oral surgeon or an otolaryngologist was not based on any penological concern.

99. Defendant YORK COUNTY, as a matter of policy and/or practice, prevents pretrial detainees from having access to medical and dental specialists, even when such referrals are made by medical and dental professionals.

100.     Defendant YORK COUNTY's policy of preventing referrals for pretrial detainees to medical or dental specialists amounts to deliberate indifference to serious medical conditions.

101.     The denial or delay in care increased the risk that Plaintiff will suffer from long-term injury or death from infection.

102.     Defendant YORK COUNTY acted under color of law and conspired to deprive Plaintiff of his civil and constitutional rights guaranteed under the due process clause of Fourteenth Amendment to the United States Constitution.

103.     Defendant YORK COUNTY's actions violate the Fourteenth Amendments' guarantee of substantive due process, entitling Plaintiffs to redress under 42 U.S.C. § 1983 in the form of both monetary damages and appropriate declaratory and injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court:

1.      Issue a judgment declaring that the actions of Defendants as described in this Complaint are unlawful and in violation of the Fourteenth Amendments to the United States Constitution;

2.      Enjoin Defendants, their subordinates, agents, employees, and all others acting in concert with them, to provide Plaintiff with access to an oral surgeon or otolaryngologist for additional diagnostics and care;

3.      Permanently enjoin Defendants, their subordinates, agents, employees, and all others acting in concert with them, from refusing to provide access to medical specialists when such care is necessary to treat serious medical conditions;

3.      Award Plaintiffs compensatory damages for past and future medical bills, and physical harm, in an amount determined to be reasonable in the premises;

5.      Award Plaintiff his reasonable attorney fees and costs pursuant to 42 U.S.C. §1988 and other applicable law; and

6.      Grant such further relief as the Court considers just and proper.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 18, 2017, at Alfred, Maine.

/s/Franklin Salcedo
Franklin Salcedo

Dated:  January 19, 2017      /s/ Zachary L. Heiden
Zachary L. Heiden
Jamesa J. Drake
American Civil Liberties Union of
Maine Foundation
121 Middle Street, Suite 303
Portland, ME 04103
(207) 619-6224
*heiden@aclumaine.org*

Counsel for Plaintiff Franklin
Salcedo

.

## CERTIFICATE OF SERVICE

The undersigned certifies that he has electronically filed this date the foregoing Verified Complaint with the Clerk of the Court using the CM/ECF system and by mailing a copy of the Complaint, along with a copy of the summons, via U.S. Mail, postage prepaid to counsel for Defendants:

Gene R. Libby, Esq.
Libby O'Brien Kingsley & Champion LLC
62 Portland Road
Unit 17
Kennebunk, ME 04043

Counsel for defendants MICHAEL VITIELLO; MARIE GERRY; YVONNE PEABBLES; and YORK COUNTY.

Robert C. Hatch, Esq.
Thompson Bowie & Hatch LLC
415 Congress Street
P.O. Box 4630
Portland, ME 04112

Counsel for defendant CORRECT CARE SOLUTIONS, LLC

Dated:  January 19, 2017

/s/ Zachary L. Heiden
Zachary L. Heiden
Jamesa J. Drake
American Civil Liberties Union of Maine Foundation
121 Middle Street, Suite 303
Portland, ME 04103
(207) 619-6224
*heiden@aclumaine.org*

Counsel for Plaintiff Franklin Salcedo